Arthur BOTANY, Plaintiff,

v.

Gerald HEERINGA, Officer McGovern, and Officer Tetzlaff, Defendants.

No. 80–C–453.

United States District Court, E. D. Wisconsin.

Sept. 1, 1981.

Arthur Botany, pro se.

Bronson C. Lafollette, Wis. Atty. Gen. by Robert D. Repasky and George B. Schwahn, Asst. Attys. Gen., Madison, Wis., for defendants.

## ORDER

MYRON L. GORDON, District Judge.

This action came on for trial before a jury on Monday, August 31, 1981. The plaintiff, appearing pro se, averred in his complaint that he is an inmate at the state prison at Waupun, Wisconsin, and is "serving a life and 30 years sentence, concurrent with a 20 year sentence." The instant lawsuit is a civil rights action under 42 U.S.C. § 1983 in which the plaintiff charges that his civil rights were violated by the defendants.

Three witnesses, including the plaintiff, appeared at the trial pursuant to writs of habeas corpus ad testificandum issued by the court at Mr. Botany's request. The plaintiff called his first witness and during the course of his interrogation of that witness and in the presence of the court, Mr. Botany conducted himself in a contemptuous manner. He frequently interrupted my comments, using a loud voice to overwhelm my ability to be heard. On numerous occasions he was unruly and continued to argue and refused to proceed with his questions to the witness even after I instructed him that I would not entertain further discussion on prior rulings.

After excusing the jury and taking a recess, I returned to the bench and advised the plaintiff that I would not permit him to take control of the conduct of the trial. I then asked him to proceed with his questioning of the witness. Instead, Mr. Botany asserted belligerently that he had the right to speak and to make his record notwithstanding any direction from the court.

I denied his motion for a mistrial, noting that the circumstances upon which he relied were brought about by his own misconduct. I cautioned Mr. Botany that dismissal of his action would follow unless he comported himself properly and that such dismissal would have to be with prejudice. However, he defiantly persisted in his contemptuous conduct.

It is my opinion that Mr. Botany's conduct was willful and contumacious, and it materially obstructed the administration of justice in this court. However, none of the usual punishments for criminal contempt of court would be practical in view of (1) his limited economic means (he filed his action in forma pauperis) and (2) his current incar-

ceration for life. It is also my opinion that a dismissal without prejudice would be the equivalent of no punishment whatsoever. The only realistic means of vindicating the authority of the court and of preserving proper decorum and good order in the court is to dismiss this civil action with prejudice.

Therefore, IT IS ORDERED that the plaintiff's action be and hereby is dismissed, with prejudice.